MEMORANDUM **
Ruslan Dyuessemaliyev, a native and citizen of Kazakhstan, and his wife Olga Potekhina, a native and citizen of Russia, petition for review of the Board of Immigration Appeals’ decision dismissing their appeal from an immigration judge’s (IJ) decision denying their applications for asylum, withholding of removal, and Convention Against Torture (CAT) relief. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Rivera v. Mukasey, 508 F.3d 1271, 1273 (9th Cir.2007), and we deny the petition for review.
I
Regarding Dyuessemaliyev’s claims of persecution in Kazakhstan, the record evidence would not compel a reasonable finder of fact to overturn the adverse credibility finding. Dyuessemaliyev’s testimony was vague and internally inconsistent, especially regarding the dates when the alleged abuses occurred. These inconsistencies are material and go to the heart of the claim. See Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007).
Dyuessemaliyev’s corroboratory evidence was minimal, consisting of only two medical documents related to treatment for injuries allegedly suffered at the hands of the Kazakh secret police (KNB). The IJ found that one of these documents was not credible, because it was handwritten on a plain piece of paper and bore an illegible stamp.
Dyuessemaliyev failed to corroborate his membership in the Republican Popular Party of Kazakhstan (RPPK). We acknowledge that it would have been difficult for Dyuessemaliyev to provide some of the documents that the IJ noted were not in evidence, such as the posters and fliers that were allegedly confiscated by the police. See Guo v. Ashcroft, 361 F.3d 1194, 1201 (9th Cir.2004). However, Dyuessem-aliyev should have been able to produce some kind of corroboration of party membership. Dyuessemaliyev’s failure to produce any evidence of party membership undermines his claim, because the IJ already had reason to question his credibility. See Sidhu v. INS, 220 F.3d 1085, 1091-92 (9th Cir.2000).
Finally, substantial evidence supports the adverse credibility determination because the IJ found that Dyuessemaliyev could only give a vague description of the RPPK, and he was only able to describe the party’s goals in very general terms. See Singh v. Ashcroft, 367 F.3d 1139, 1143 (9th Cir.2004) (approving an adverse credibility finding based in part on an expectation that a person who claims 'active participation in a group has a deeper understanding of that group’s beliefs).
II
Substantial evidence supports the IJ’s adverse credibility determination regarding Dyuessemaliyev’s claim of persecution in Russia, because he could not provide specific dates for, or details of, his travel between Russia and Kazakhstan. Moreover, Dyuessemaliyev could not corroborate his alleged deportation from Russia, his status as a university student in St. Petersburg, or that he had been contacted *1000 by the Russian Federal Security Service (FSB). Persons who are “deemed unbelievable as to one material fact may be disbelieved in all other respects.” Lopez-Umanzor v. Gonzales, 405 F.3d 1049, 1059 (9th Cir.2005).
Ill
Absent credible testimony, the Petitioners’ asylum, withholding of removal, and CAT claims fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.